UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 14, 2006[*]
Decided July 14, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3954

| | |
|---|---|
| GEORGE C. WELCH, <br>     *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
|   *v.* | |
| | No. 03-C-1076 |
| BILL MCCREEDY et al., <br>     *Defendants-Appellees.* | Charles N. Clevert, Jr., <br> *Judge.* |

**O R D E R**

For more than four years the Wisconsin Department of Corrections treated prisoner George Welch for complaints relating to his right shoulder. His treatment included frequent doctor visits (including appointments with orthopedic specialists), numerous diagnostic tests, physical therapy, and a variety of pain-control and anti-inflammatory medication. Eventually he underwent a reportedly successful surgery known as an open Bankart procedure, which treated recurrent shoulder joint instability. Despite this care, Welch brought a claim *pro se* under 42 U.S.C. § 1983

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

alleging that various doctors and corrections officials were deliberately indifferent to his condition. In a comprehensive 45-page order, the district court granted summary judgment for the defendants and Welch appeals. We affirm.

Welch's appellate brief recounts the undisputed facts of his treatment in great detail but barely raises any legal challenge to the district court's decision. *See* Fed. R. App. P. 28(a)(9); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Generously construing his brief, we discern two issues. First, he seems to assert that the district court erred by finding that the pain and deterioration of his shoulder that he suffered during the four years preceding his surgery were not evidence that the defendants consciously disregarded his serious medical condition. But Welch's extensive treatment record shows that corrections officials and doctors responded to his condition and, in addition to therapy and eventual surgery, prescribed medication to alleviate his pain. As we have observed, "mere differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference." *See Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Here, the record does not suggest that the choice to pursue therapy, even though some of Welch's doctors recommended surgery earlier than it was preformed, was a "substantial departure from accepted professional judgment, practice, or standards." *Id.* at 262. The district court therefore did not err by denying Welch's deliberate indifference claim.

Second, he argues that the district court erroneously denied his motion for appointment of counsel, a denial that we review for abuse of discretion. *See Gil v. Reed*, 381 F.3d 649, 656-57 (7th Cir. 2004). But as the district court observed, the issues Welch raised were not complex enough to require the assistance of counsel, *see id.*, and thus the motion was properly denied.

For substantially the reasons stated by the district court, we AFFIRM the district court's judgment.